IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2006-1 Asset-Backed Certificates, Series 2006-1, | ) ) ) ) ) | C/A No.: 3:15-23-CMC-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Helen Valencia Thomas, Corporate Person, Washington-Thomas, Helen Valencia, all natural person; Darrel Antonio Thomas, Corporate Person, Thomas, Darrel Antonio, all Natural Person, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Helen Valencia Washington-Thomas and Darrel Antonio Thomas ("Defendants"),[1] proceeding pro se, filed a notice of removal that purports to remove a mortgage foreclosure action filed in the Court of Commons Pleas in Richland County, South Carolina, Case No. 2012-CP-40-00009. [ECF No. 1 at 1]. After review of the pleadings, the undersigned finds that this case should be remanded because the court lacks subject matter jurisdiction.

I.   Factual and Procedural Background

Defendants purport to remove a state foreclosure action associated with property located at 3002 Knightsbridge Rd, Columbia, SC 29223. [ECF No. 1 at 1]. Defendants'

---

[1] In the caption, Defendants list variances of their names and make a distinction between corporate and natural identities. However, there is no showing that any defendant is a corporate entity.

pleadings do not contain copies of the state court complaint and service documents or cite or discuss the allegations in the state court complaint.[2] Instead, in support of removal, Defendants assert that they have a federal defense to the state foreclosure proceedings based on the following federal question. Specifically, the notice of removal states:

> Has Title 12 USC been ratified? If not, then would make this Foreclosure from whence this case was established be considered unconstitutional since it has never been codified to ensure that it does not violate the U.S. Constitution and/or the Declaration Bill of Rights?

[ECF No. 1 at 3].

II.     Discussion

   A.     Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) (D.S.C.). There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.,* 783 F.Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation

---

[2] The undersigned notes that there is no indication that Plaintiff or the underlying state court has been served with Defendants' Notice of Removal.

has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

B.    Analysis

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court, if the state court action could have been originally filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there is federal question jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that removal statutes are to be construed against removal jurisdiction and in favor of remand. *See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). A federal court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.[3]

Although the court was not provided a copy of the state court complaint, the only basis for removal contained in the Notice of Removal and the attachments thereto is Defendants' assertion that a question regarding the ratification of Title 12 of the United

---

[3] The undersigned expresses no opinion at this time whether procedural defects in the removal would provide a basis for remand upon a properly-filed motion by Plaintiff.

States Code provides them with a defense to the underlying action.[4] Such an allegation is not sufficient to provide this court with subject matter jurisdiction. It is well-settled that a federal defense to a complaint based entirely on state law, such as a mortgage foreclosure complaint, does not provide a federal court with removal jurisdiction. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The Supreme Court has held that "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983). Because Defendants have not set forth a proper basis for federal subject matter jurisdiction, this removal is improper. Accordingly, this matter should be remanded to state court.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge remand this matter to the Court of Common Pleas of Richland County, South Carolina. Because this is only a recommendation, the Clerk of Court shall not immediately certify this matter to the Court of Common Pleas for Richland County. If both parties in this case fail to file written objections to this Report and Recommendation within fourteen days

---

[4] To the extent any other basis for federal jurisdiction exists, Defendants have failed to provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see Ellenburg*, 519 F.3d at 199–200 (finding that the "short and plain statement" language contained in 28 U.S.C. § 1446(a) is deliberately parallel to the notice pleading language found in Fed. R. Civ. P. 8(a) and therefore requires a similar pleading standard); *Skeens v. Alpha Natural Resources, Inc.*, 583 F. App'x 200, 201–02 (4th Cir. 2014) (finding that the district court lacked subject matter jurisdiction over a complaint that that neglected to indicate the states of the corporate defendants' principal place of business).

after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen day period, shall forward the case file and any objections to a United States District Judge for a final disposition.

  IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 16, 2015           Shiva V. Hodges
Columbia, South Carolina       United States Magistrate Judge

  **The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).